JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LUMINANCE RECOVERY CENTER, LLC | CV 20-7747 DSF |
| | Order DENYING Motion to Withdraw Reference |
| RICHARD A. MARSHACK, Ch. 7 Trustee,<br>　　　Plaintiff,<br><br>　　　　　　v.<br><br>SCOTTSDALE INSURANCE COMPANY,<br>　　　Defendant. | |

　　Defendant Scottsdale Insurance Company has filed a motion to withdraw the reference of this adversarial action from the Bankruptcy Court. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

CC: LABC

28 U.S.C. § 157(d). "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." <u>Security Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers</u>, 124 F.3d 999, 1008 (9th Cir. 1997).

 The Court previously referred to the Bankruptcy Court a declaratory relief action brought by Scottsdale involving the same subject matter. The Court sees no reason to change course. The stated reasons for withdrawal of the reference are (1) that the adversarial action is non-core so the Bankruptcy Court cannot enter final judgment and (2) that Scottsdale has a right to a jury and does not consent to a jury trial before the Bankruptcy Court. But these factors alone do not persuade the Court to withdraw the reference. The mere fact that this Court may eventually have to review the actions of the Bankruptcy Court or preside over a jury trial does not mean that leaving the adversarial action in the Bankruptcy Court is inefficient. As noted in the order referring the declaratory relief action, the dispute involves insurance coverage that is a significant asset of the relevant bankruptcy estate(s), the validity of the alleged exclusion from coverage involves interpretation of bankruptcy law, and the purchase of the policy was by the Trustee in the context of bankruptcy administration. The Bankruptcy Court is well-positioned to manage this litigation in the greater context of the underlying bankruptcy.

 The motion to withdraw the reference is DENIED.

 IT IS SO ORDERED.

Date: September 29, 2020

               *Dale S. Fischer*
               Dale S. Fischer
               United States District Judge